25 C.C.P.A. (Patents)

## In re KUHRTS.*

### Patent Appeal No. 3937.

Court of Customs and Patent Appeals.

April 4, 1938.

*Rehearing denied May 2, 1938.

William E. Hall, of Los Angeles, Cal. (Charles E. Riordon and C. Russell Riordon, both of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Examiner in rejecting claims 16, 31, and 32 of the application for a patent.

Claim 16 is illustrative and reads as follows: "16. In a structure of the class described, a pair of cylindrical screens of different mesh positioned end to end, a third screen of finer mesh than the former positioned around the screen of finer mesh and spaced with one end from the end thereof joining the screen of coarser mesh, a fourth screen having a mesh of a graduation intermediate the meshes of the first mentioned screens and positioned around the coarser screen with one end coincident to the end of the coarser screen adjacent the finer of the first mentioned screens and spaced with its opposite end from the opposite end of the coarser screen, a plurality of storage bins positioned in a single row substantially in the plane with the axis of the screens, said bins being positioned directly below the screens and each adapted to receive directly from said screens an aggregate of different size, sliding gates at the lower ends of the bins, and separate means at the front of the structure and all directly

connected to the gates for opening and closing the same."

The reference cited is Ash, 725,641, April 14, 1903.

The application relates to a portable paving device which may be readily conveyed from place to place in separate units and assembled in superimposed relation.

The structure disclosed in the rejected claims is the unit which is placed upon the lower part of the plant. It is not necessary to further describe the structure, as the only question before us concerns the upper unit with relation to the reference on which the claims were rejected. The reference relates to an apparatus for preparing mineral ingredients of bituminous macadam or other pavements for use. It is not a portable plant. It discloses at the top of the device a rotary screen, the openings in which graduate from relatively small to successively larger sizes, by means of which the different sizes of material are separated and drop in different bins below, but not in axial alignment with the rotary screen.

Appellant contends that the appealed claims present invention over the Ash patent mainly for the reasons that the claims disclose a structure of sliding gates operable from the front of the structure and all of the bins are in a single row directly under the screens.

The Board of Appeals held that: "Claims 16, 31 and 32 are properly rejected on the Ash patent which shows that the general combination and sliding gates are well known. Even with the pivoted gates of Ash, any mechanic could provide connections to operate them from a single point. There is no particular ingenuity or patentable invention in the single row bin arrangement."

We have not the least doubt but that the use of sliding gates is probably as old as the bins and chutes of which they form a part. It is obvious, we think, that sliding gates are well within the purview of ordinary mechanical skill.

It seems that the operation of a plurality of gates from a single position is, if so desired, merely a more convenient means of opening and closing the gates no matter whether they work on a hinge or pivot, as in the reference, or function by sliding, as in the rejected claims. To so operate sliding gates appears to us to be obvious to a mechanic. On this point we think the reasoning in the case of Hillard v. Remington Typewriter Co., 2 Cir., 186 F. 334, 338, particularly applicable. In this case the court said that: "If a door be closed by a spring lock operated from the inside and the inmate of the room desires to open it to a visitor without rising from his desk, he naturally rigs up a connection by cords and pulleys and releases the lock by pulling on the cords. If it be desired to open or close a transom or a window which cannot be reached by hand, nothing is more common than the resort to pulleys and cords, cranks and levers. Such methods have been in vogue for years."

While it is true that the structure shown in the Ash patent is not a portable paving plant, it is likewise true that none of the appealed claims appear to be limited to a portable plant. Hence we cannot consider the contention of appellant that, since "the Ash device is not a portable plant," it takes applicant's structure away from that of the patent. The claims, of course, are the measure of the invention and, if they read on the prior art, we cannot read limitations into them to avoid the prior art. In re Buckwalter, 75 F.2d 515, 22 C.C.P.A., Patents, 1031.

As far as the device for screening the material into different sizes and directing the screened material into different bins is concerned, we can see no invention over the patent to Ash in the general make-up of the device. Any one skilled in the art, if it were so desired, would, in our opinion, narrow the bins of the patent, place them in axial alignment with the screens, and permit the screened aggregates to drop directly into the bins below without the exercise of invention.

Undoubtedly there are advantages in the arrangement disclosed by appellant's application, and the lower tribunals recognized this in allowing claims that were properly drawn.

We have examined the cases cited in the brief of appellant, but, because we are unable to perceive in what respect the rejected claims show invention over the patent to Ash, it is not necessary to discuss them.

The decision of the Board of Appeals is affirmed.

Affirmed.